11-2778-ag
Singh v. Holder

BIA
A073 628 064

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of July, two thousand twelve.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> PIERRE N. LEVAL,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

DILBAR SINGH,
> *Petitioner,*

v.                                          11-2778-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Randy Olen, Providence, Rhode
                         Island.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Daniel E. Goldman, Senior
                         Litigation Counsel; Puneet Cheema,

**Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Dilbar Singh, a native and citizen of India, seeks review of a June 23, 2011, decision of the BIA denying his motion to reopen. *In re Dilbar Singh*, No. A073 628 064 (B.I.A. June 23, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). There is no dispute that Singh's motion to reopen was untimely because it was filed more than eight years after the agency's final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). However, time limitations on motions to reopen may be equitably tolled to accommodate claims of ineffective assistance of counsel, provided that, among other things, the movant has exercised "due diligence" in vindicating his rights. *Cekic v. INS*, 435 F.3d 167, 170

(2d Cir. 2006). An alien is required to exercise due diligence in pursuing his case both before and after he has or should have discovered the alleged ineffective assistance. *See Rashid v. Mukasey*, 533 F.3d 127, 131 (2d Cir. 2008).

Here, the BIA reasonably found that Singh failed to demonstrate that he had exercised due diligence. *Id.* While the BIA credited Singh's contention that he had maintained regular contact with his prior counsel before December 2005, it nevertheless reasonably found that Singh did not recount any steps he had taken in pursuing his case between December 2005, when Singh admittedly ceased contacting his prior counsel, and October 2009, when Singh consulted with a new attorney and allegedly discovered his prior counsel's ineffectiveness. *See Cekic*, 435 F.3d at 172 (denying motion to reopen where petitioners' "submissions in support of their second motion to reopen fail[ed] to provide even the slightest indication that they took any action to protect themselves"). Although Singh argues that he ceased contacting his prior counsel in December 2005 because his counsel insisted that "it would take many years for [his] appeal to be decided" and had assured him that he would take

3

care of Singh's case, the BIA reasonably determined that Singh's failure to contact his prior counsel to inquire as to the status of his case for nearly four years did not constitute due diligence.  *See Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir. 2000) (finding a lack of due diligence when petitioner failed to investigate status of appeal for "nearly two years").  Accordingly, the BIA did not abuse its discretion in denying the motion to reopen.

Singh also challenges the BIA's decision not to exercise its authority to reopen his proceedings *sua sponte*. Although we generally lack jurisdiction to consider the BIA's "entirely discretionary" decision declining to *sua sponte* reopen a removal or deportation proceeding, *see Ali*, 448 at 518; *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009), we nevertheless retain jurisdiction to review such decisions when the BIA misperceives the law, *see Mahmood*, 570 F.3d at 469.  Here, however, the BIA did not misperceive the law in finding that Singh failed to show extraordinary circumstances warranting *sua sponte* reopening.

Moreover, even if we had jurisdiction to review such decisions not to *sua sponte* reopen, the BIA did not err in finding that Singh failed to demonstrate his *prima facie* eligibility for CAT relief because, although the country

4

conditions evidence in the record indicated that individuals held under custodial arrest or detention had been tortured by Indian authorities, the record did not establish that Singh would be arrested, detained, or otherwise placed under custodial supervision upon his return to India.  Nor did the BIA err in finding that Singh failed to demonstrate his *prima facie* eligibility for adjustment of status, as Singh failed to present any documentary evidence that the I-130 immigrant visa petition that his wife filed on his behalf had been approved, or that a visa number was immediately available to him.  *See, e.g.,* 8 U.S.C. § 1255(a) (allowing aliens who were inspected and admitted into the United States to adjust their status to that of a lawful permanent resident based on a family relationship, provided, *inter alia*, that they are "eligible to receive an immigrant visa" and "an immigrant visa is immediately available");  8 U.S.C. § 1255(i)(1) & (2) allowing certain aliens physically present in the United States to adjust their status to that of a lawful permanent resident based on a family relationship or job offer, provided, *inter alia*, that they are the beneficiaries of an approved visa petition, their priority date is current, and they pay an additional fee).

For the foregoing reasons, the petition for review is

DENIED.  As we have completed our review.  Singh's pending motion for a stay of removal in this petition is DENIED as moot.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk